# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CHARLES HAMNER**  
**ADC #143063**                                                                                    **PLAINTIFF**

v.                        No. 2:22-cv-158-DPM-JTK

**DEAN MANNIS, Chief Executive**
**Officer/Sheriff, Arkansas County**
**Detention Center and**
**PATRICIA SNYDER, Former Jail**
**Administrator/Officer, Arkansas**
**County Detention Center**                                                              **DEFENDANTS**

## ORDER

1. On *de novo* review, the Court adopts Magistrate Judge Kearney's partial recommendation, *Doc. 48*, as modified. Fed. R. Civ. P. 72(b) (1983 addition to advisory committee notes). Hamner was booked into the Arkansas County Detention Center as a pretrial detainee in early May 2021. He claims he was deprived of his mental health medications for six weeks: from the time he was booked until mid-June 2021. *Doc. 46 at 4*. Mannis and Snyder say he was only without his prescriptions for about two weeks: from mid-May 2021 to early June 2021. It's undisputed that Hamner attempted suicide on 5 May 2021 and that he didn't see a doctor until 1 June 2021. *Doc. 36 at 1-2*. There's also evidence he attempted suicide again in late May. *Doc. 46 at 76*. The risk of suicide is a serious medical need. *Leftwich ex*

*rel. Leftwich v. Dakota County*, 9 F.4th 966, 972 (8th Cir. 2021). And there's a genuine factual dispute about whether Mannis and Snyder knew that Hamner wasn't receiving his medication. *See, e.g., Doc. 46 at 58, 61-62, 74.* On this record, summary judgment is inappropriate. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).

2. Hamner's conditions-of-confinement claims involve questions of law and fact common to those in a separate case pending before another Judge of this Court. *See Doc. 8 at 8-9* in *Hamner v. Lewis*, Case No. 2:21-cv-62-BSM-PSH (E.D. Ark. 2021). That case is set for trial in February 2024. Hamner's conditions-of-confinement claims are severed. The Court directs the Clerk to transfer and consolidate them with the case pending before Judge Miller. Fed. R. Civ. P. 42(a)(2). Hamner's claims that Mannis and Snyder were deliberately indifferent to his serious medical needs remain before me in this case. This series of steps is the one modification to the Magistrate Judge's recommendation.

\* \* \*

Partial recommendation, *Doc. 48*, adopted as modified. Hamner's objections, *Doc. 49*, overruled. Mannis's and Snyder's objections, *Doc. 50*, sustained. Mannis's and Snyder's motion for summary judgment, *Doc. 34*, denied. Hamner's motion for summary judgment, *Doc. 44*, denied. Conditions-of-confinement claims severed,

transferred to Judge Miller, and consolidated in Case No. 2:21-cv-62-BSM-PSH.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

2 January 2023